UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRUDITH LOUISE ADAMCZYK,

                Plaintiff,

v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                Defendant.
_____

**DECISION
and
ORDER**

**17-CV-00951F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              MARY ELLEN GILL, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202
                                        and
                              DAVID BRENT MYERS,
                              Special Assistant United States Attorney, of Counsel
                              United States Attorney's Office
                              c/o Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York 10278
                                        and

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017.  Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING
Special Assistant United States Attorney, of Counsel
c/o Social Security Administration
Office of General Counsel
601 East 12th Street
Room 965
Kansas City, Missouri 64106

**JURISDICTION**

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 10), to proceed before the undersigned. (Dkt. No. 10-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on April 23, 2018 (Dkt. No. 8), and on June 20, 2018 by Defendant (Dkt. No. 11).

**BACKGROUND**

Plaintiff Trudith Louise Adamczyk ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 21, 2014, for Disability Insurance Benefits under Title II of the Act ("SSDI"), and for Supplemental Security Income under Title XVI of the Act ("SSI") (together, "disability benefits"). Plaintiff alleges she became disabled on August 17, 2013, as a result of keratoconus (thinning cornea), poor vision, anxiety, depression, difficulty concentrating and lack of motivation. (R. 204-7).[2] Plaintiff's

---

[2] "R" references are to the page of the Administrative Record electronically filed by Defendant on February 22, 2018 (Dkt. 6).

application was denied on June 9, 2014, (R. 128), and upon Plaintiff's timely request, on May 2, 2016, a hearing was held in Buffalo, New York, by video conferencing before administrative law judge Peter Jung ("the ALJ"), located in Kansas City, Missouri. (R. 97-114). Appearing and testifying at the hearing were Plaintiff, with legal counsel Michael Pretsch, Esq ("Pretsch"), and vocational expert Amy Salva ("the VE").

On May 25, 2016, the ALJ issued a decision denying Plaintiff's claim (R. 82-91) ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council, with Kelly Laga, Esq. ("Laga") appointed to represent Plaintiff on her administrative appeal. (R. 147). On August 26, 2016, Plaintiff submitted additional evidence to the Appeals Council (R. 10-69), and on July 26, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. (R. 1-4). On September 25, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On April 23, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. No. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 8-1) ("Plaintiff's Memorandum"). On June 20, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. No. 11) ("Defendant's Motion"), attaching a Memorandum in Support and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. No. 11-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on June 29, 2018, Plaintiff's Response to the Defendant's Motion (Dkt. No. 12) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED. The Clerk of Court is ordered to close the file.

## **FACTS**[3]

Plaintiff Trudith L. Adamczyk ("Plaintiff" or "Adamczyk"), born June 16, 1967, was 47 years old as of May 13, 2013, Plaintiff's alleged disability onset date ("DOD"). Plaintiff has an associate's degree in medical coding and worked as a patient insurance clerk from June 1998 until Plaintiff stopped working as a result of her impairments on June 30, 2012. (R. 207-8). As of June 6, 2014, Plaintiff lived with her boyfriend and youngest adult child. (R. 121).

Plaintiff's medical history establishes that she began seeking treatment from Suzanne Moxham ("Ms. Moxham"), a licensed clinical social worker at Horizon Health ("Horizon") on August 14, 2013, for increased anxiety (R. 499), and received psychotherapy treatment with Ms. Moxham on September 12, 2013 (R. 505), and Colleen Strasser ("Ms. Strasser"), a licensed mental health counselor at Horizon, on September 16, 2013 (R. 510-12). On May 9, 2013, Janine Ippolito, Psy.D. ("Dr Ippolito"), completed a consultative psychiatric evaluation on Plaintiff and assessed Plaintiff with the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, make appropriate decisions, relate adequately with others, appropriately deal with stress with mild limitations, and noted that Plaintiff's psychological impairments would not interfere

---
[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

with Plaintiff's ability to function on a daily basis. (R. 350). On January 23, 2014, Shanthi Rajendran, M.D. ("Dr. Rajendran"), completed a physical examination on Plaintiff and noted that Plaintiff reported no complaints other than occasional anxiety, and exhibited normal bilateral extremity strength, gait, coordination, mood and affect. (R. 568). On August 28, 2014, Horizon physician Richard E. Wolin, M.D. ("Dr. Wolin"), completed an initial assessment of Plaintiff and diagnosed Plaintiff with post-traumatic stress disorder ("PTSD"), anxiety disorder not otherwise specified ("NOS"), and single episode major depression. (R. 512-15). On October 16, 2014, and November 14, 2014, Dr. Wolin noted no change in the severity or intensity of Plaintiff's symptoms. (R. 522-31). On June 6, 2014, C. Butensky, M.D. ("Dr. Butensky"), completed a request for medical advice on behalf of the Social Security Administration, and upon reviewing Plaintiff's medical records, opined that Plaintiff retained to ability to engage in gainful activity. (R. 353). On July 16, 2014, Dr. Rajendran noted that Plaintiff reported significant keratoconus vision loss, difficulty sleeping, frequent anxiety attacks and sad moods. (R. 572). On August 20, 2014, Dr. Rajendran completed a pre-operative examination before Plaintiff's left eye cataract surgery and noted that Plaintiff exhibited a normal mood and affect. (R. 579). On December 11, 2014, Plaintiff underwent successful left eye cataract surgery. (R. 644). On May 19, 2015, Dr. Rajendran completed a physical examination on Plaintiff who reported two weeks of neck pain worsened by movement and noted that Plaintiff exhibited spasm, tenderness and normal motion of her cervical spine, normal strength of the upper and lower extremities, coordination and gait, mood and affect. (R. 596). On April 25, 2016, Dr. Rajendran completed a physical examination on Plaintiff who reported right hip pain, evaluated

5

Plaintiff with normal upper and lower extremity strength, hip, and lumbar range of motion ("ROM"), prescribed Naproxen (pain), and recommended Plaintiff perform daily back exercises and seek chiropractic treatment. (R. 681). On May 19, 2015, Dr. Rajendran completed a physical examination on Plaintiff who reported two weeks of neck pain worsened by movement and noted that Plaintiff exhibited tenderness and spasm of Plaintiff's cervical spine with normal ROM, normal strength of Plaintiff's upper and lower extremities, coordination, gait, mood and affect (R. 596). On April 25, 2016, Dr. Rajendran noted that Plaintiff reported right hip pain, evaluated Plaintiff with normal upper and lower extremity strength, hip, and lumbar ROM, prescribed Naproxen (pain), and recommended that Plaintiff apply BenGay ointment as needed, perform daily back exercises and attempt chiropractic treatment. (R. 681).

## **DISCUSSION**

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether

the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.  Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

---

[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

In the instant case, the ALJ found that Plaintiff meets the Act's insured status requirement for SSDI through December 31, 2017 (R. 82), did not engage in substantial gainful activity since August 17, 2013 (R. 83), and suffers from the severe impairments of visual disorder (keratoconus/cataracts), depression, anxiety disorder, obesity, and PTSD, does not have an impairment or combination of impairments meeting or medically equal to the severity of any impairment in the Listings in Appendix 1, *id.* at - 16, and retained the residual functional capacity to perform light work with limitations to lifting or carrying 20 pounds occasionally and 10 pounds frequently, standing, sitting or walking six hours in an eight-hour workday, no climbing ladders, ropes or scaffolds, occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, crawling, and reading only ordinary newspaper or book print, must avoid hazards in the workplace, frequent exposure to vibration, machinery, heights, wetness, flashing lights, commercial driving, and is limited to simple, routine and repetitive tasks with no production rate or pace quotas, tolerating few or infrequent changes in work routine setting, only occasional interaction with supervisors or coworkers, and no interaction with the general public. (R. 86). The ALJ concluded Plaintiff has no PRW and, thus, no transferable job skills, but given her age of 47, her education, and ability to communicate in English, and residual functional capacity for light work, that Plaintiff is capable of performing work existing in significant numbers in the national economy including work as inserting machine operator, laundry sorter, and hand packager (R. 91) and, as such, is not disabled as defined under the Act. Plaintiff does not contest the ALJ's findings with regard to the first, second, and third steps of the five-step analysis,

9

but argues that at step four, the ALJ improperly evaluated Plaintiff's residual functional capacity.

In particular, Plaintiff argues that the ALJ failed to develop the record by obtaining a physical functional assessment to close an evidentiary gap regarding Plaintiff's impairments and activities, Plaintiff's Memorandum at 14, which caused the ALJ to erroneously conclude Plaintiff is capable of light work. Plaintiff further argues that the Appeals Council erred in finding that additional evidence submitted to the Appeals Council was not new and material to Plaintiff's case, and that the ALJ erred in fully developing the record by not including the entirety of Ms. Moxham's treatment notes. Plaintiff's Memorandum at 15-18. In opposition, Defendant argues substantial evidence in the record supports the ALJ's determination that Plaintiff is capable of light work as Plaintiff's impairments are not severe and the ALJ properly based his findings on medical evidence in the record. Defendant's Memorandum at 22-28. In further support of her motion, Plaintiff reiterates that the ALJ improperly evaluated the medical evidence, failed to develop the record as to an evidentiary gap, and that the Appeals Council erred in not accepting Plaintiff's newly submitted evidence. Plaintiff's Reply at 1-3. Because Plaintiff does not challenge the ALJ's findings at the first, second and third steps, the undersigned does not address them. Plaintiff's contention that the ALJ's residual functional capacity determination of Plaintiff at the fourth step is without support of substantial evidence is without merit.

In particular, Plaintiff's treatment with Dr. Rajendran at Akron Family Care ("Akron"), between September 20, 2010 and August 28, 2014 (R. 366-99), showed Plaintiff with no complaints other than occasional anxiety, and normal bilateral extremity

strength, gait, coordination, mood and affect. (R. 568). Although this record contains no formal residual functional capacity assessment from Plaintiff's treating physicians, Dr. Rajendran included a physical evaluation of Plaintiff's limitations sufficiently adequate to permit the ALJ to make an informed finding. Notably, Plaintiff does not allege that she was disabled from a physical impairment other than her keratoconus and difficulty seeing (R. 207), evidence of which the ALJ described in great detail and included in Plaintiff's residual functional capacity as a limitation to reading only ordinary newspaper or book print (R. 86, 88). The court also declines to address Plaintiff's further contention that the ALJ did not fully develop the record as Ms. Moxham's treatment notes were absent from the record. Plaintiff's Memorandum at 17. Contrary to Plaintiff's assertion, a careful review of the ALJ's decision supports that the ALJ included consideration of Ms. Moxham's treatment of Plaintiff, specifically, Plaintiff's visits to Ms. Moxham on August 14, 2013, (R. 87, 490-505), September 12, 2013 (R. 87, 513), and April 17, 2015 (R. 87, 619-23). The ALJ's residual functional capacity assessment of Plaintiff is therefore supported by substantial evidence in the record and did not, as Plaintiff contends, the ALJ to obtain a separate residual functional capacity assessment from Plaintiff's treating physician. *See Tankisi v. Commissioner of Social Security,* 521 Fed. App'x. 29, 34. (2d Cir. 2013) (no requirement for residual functional capacity assessment by treating physician where record includes evidence sufficient for ALJ's finding on claimant's limitations). Plaintiff's motion on this issue is DENIED. Plaintiff's further contention that the Appeals Council erred by not considering additional evidence provided by Plaintiff is also without merit.

Specifically, upon receiving additional evidence in support of a disability claimant's record, the Appeals Council must consider the entire record, including the new evidence, and review whether the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See Lesterhuis v. Colvin*, 805 F.3d 83, 86 (2d Cir. 2015) (quoting 20 C.F.R. § 404.970(b)). "The Appeals Council is obligated to consider 'new and material evidence'" *Stratton v. Colvin*, 51 F.Supp.3d 212, 218 (N.D.N.Y. 2014) ("*Stratton*") (citing 20 C.F.R. § 404.970(b)), and "[n]ew evidence is 'material' if it is '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Stratton,* 51 F. Supp.3d at 218 (quoting *Pollard v. Halter*, 377 F.3d 183, 192 (2d Cir. 2004)). ("'The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently.'" *Id.* (quoting *Pollard*, 377 F.3d at 193)) (alteration in original). Here, on August 26, 2016, Plaintiff provided additional records to the Appeals Council, and in considering Plaintiff's case, the Appeals Council found that Plaintiff's supplemental evidence did not change the outcome of the ALJ's decision and denied Plaintiff's request for review. (R. 1-4). The court agrees with the Appeals Council's finding. Accepting as true that Plaintiff's supplemental evidence is new[6] and material (relevant to Plaintiff's condition during the time which benefits were denied and probative for the possibility that the new evidence would have influenced the ALJ's determination), Plaintiff's newly provided evidence does not undermine the ALJ's finding that Plaintiff is not disabled.

---

[6] Plaintiff's supplemental evidence includes records already in the record that the Court declines to discuss.

In particular, Plaintiff's supplemental evidence includes mental health treatment at Horizon on June 11, 2015 (R. 36-39), July 23, 2015 (R. 40-45), August 27, 2015 (R. 46-51), October 29, 2015 (R. 52-57), December 9, 2015 (R. 58-62), and December 17, 2015 (R. 63-68), and relies on *Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) for Defendant's contention that situational stressors are not disabling. Defendant's Memorandum at 29. The appropriate inquiry in this Circuit, however, is not what caused a plaintiff's increase in symptoms, rather, whether Plaintiff's anxiety and depression, alone or in combination, impacted Plaintiff's residual functional capacity assessment in a meaningful way. *See Cautillo v.* Berryhill, 2018 WL 1305717, at *28 S.D.N.Y. Mar. 12, 2018) (relevant inquiry is not why the claimant had his conditions but the impact of those conditions on the claimant's residual functional capacity). As such, Plaintiff's newly submitted evidence supports that despite instances of increased symptoms from relationship-related situational stressors *i.e.,* financial stress from Plaintiff's boyfriend not being able to work (R. 36) and being charged with a fifth DWI (R. 54, 59), Plaintiff continued to exhibit goal directed behavior, normal thought processes and perception, fair to good insight and judgment (R. 39-40, 46-47, 52-53). On December 9, 2015, Plaintiff was future oriented (R. 62), with a level of functioning that enabled her to continue to live in her own home with her three of her children. (R. 60). Substantial evidence thus supports the Appeals Council's finding that the supplemental records regarding Plaintiff's anxiety and depression during the period between June 11, 2015, and December 17, 2105, did not establish any additional adverse impact Plaintiff's ability to function to require the Appeals Council to overturn the ALJ's finding on that issue. Plaintiff's motion on this issue is DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 8) is DENIED; Defendant's Motion (Dkt. No. 11) is GRANTED. The Clerk of Court is ordered to close the file.

SO ORDERED.

                                            /s/ *Leslie G. Foschio*
                                 _____
                                      LESLIE G. FOSCHIO
                                UNITED STATES MAGISTRATE JUDGE

DATED:     March 5, 2019
              Buffalo, New York